IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Samantha Ruiz,<br><br>        Plaintiff,<br><br>v.<br><br>Atlas Credit Co., Inc.,<br><br>        Defendant. | Civil Action No: 5:19-cv-434<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

NOW COMES, Plaintiff SAMANTHA RUIZ ("Plaintiff"), by and through her attorney, SHAWN JAFFER LAW FIRM, PLLC, for her complaint against Defendant ATLAS CREDIT CO., INC. ("Defendant"), *to wit*, for violations 47 U.S.C. § 227 *et seq.* of the Telephone Consumer Protection Act ("TCPA") and the Tex. Fin. Code Ann. § 292 *et seq.* of the Texas Debt Collection Act ("TDCA").

## PREMLIMINARY STATEMENT

1. This is an action for injunctive relief and statutory damages pursuant to 47 U.S.C. § 227 *et seq.* (TCPA) and for injunctive relief, actual damages, and attorney's fees and costs pursuant to Tex. Fin. Code Ann. § 292 *et seq.* of the Texas Debt Collection Act ("TDCA").

## JURISDICTION & VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. § 227, 28 U.S.C. §§ 1331, and 1337.

3. This Court has supplemental jurisdiction for any state law claims under 28 U.S.C. §§ 1367.

4.  Venue in this District is proper under 28 U.S.C. §§ 1391(b)(1) because Defendant maintains its headquarters at 1431 Greenway Dr, Suite 143, Irving, Texas 75038 and also because a substantial part of the events or omissions giving rise to this claim occurred here.

## PARTIES

5.  Plaintiff is a natural person and an individual residing at 6014 Blanco Rd., Apt. 203, San Antonio, TX 78216.

6.  Plaintiff is a "consumer" meaning an individual who has an alleged consumer debt.

7.  Defendant is a "person" meaning an individual, partnership, association, joint-stock company, trust or corporation.

8.  Defendant is a "creditor" meaning a party, other than a consumer, to a transaction or alleged transaction involving one or more consumers.

9.  Defendant engaged in "debt collection" meaning an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due to a creditor.

10. Defendant is a "debt collector" meaning a person who directly or indirectly engages in debt collection.

11. Defendant is a business located at 2908 West Ave., Suite 4, San Antonio, TX 78201.

## FACTUAL ALLEGATIONS
### TCPA VIOLATION

12. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

13. At a time and date, better known to Defendant, the Defendant started calling and sending text messages to the Plaintiff on her cellular telephone, 210-828-XXXX.

14. Defendant used an automatic telephone system to call and text the Plaintiff's cellular telephone approximately 60-75 times.

15. On several occasions when the Plaintiff answered her cellular telephone, she encountered a silence for a few seconds and then the phone call automatically terminated, or there was a clicking noise followed with a human being answering the call.

16. This is evidence of an automatic telephone system being used by the Defendant.

17. Plaintiff has asked Defendant to stop calling and texting her using an automated telephone dialing system to her cellular telephone number.

18. However, Defendant continued to call and send text messages to the Plaintiff's cellular telephone from 210-838-XXX using an automatic telephone dialing system.

19. Defendant used a telephone dialing system to initiate and receive telephone calls.

20. Defendant used a telephone dialing system to call Plaintiff's cellular telephone that has the capacity to:

> (a) store telephone numbers;
>
> (b) call stored telephone numbers automatically;
>
> (c) call stored telephone numbers without human intervention;
>
> (d) call telephone numbers in sequential order;
>
> (e) call telephone numbers randomly;
>
> (f) simultaneously call multiple consumers; or
>
> (g) call telephone numbers according to a strategy or protocol inputted by the Defendant.

21. While Defendant called and text messaged Plaintiff's cellular telephones, Plaintiff's cellular telephone lines were unavailable for legitimate use during the unwanted calls.

22. Defendant has acted willfully and intentionally in violating the TCPA.

23. Alternatively, the Defendant has acted negligently in violating the TCPA.

24. As a result of the above violation of the TCPA the Plaintiff has been injured and harmed because the Defendant's use of an automatic telephone system to call and sent text messages to Plaintiff's cellular telephone number without the Plaintiff's consent has caused a nuisance, an invasion of privacy, an intrusion of peace and tranquility, and harassment and abuse upon the Plaintiff.

## TDCA VIOLATION

25. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

26. The debt at issue is "consumer debt" meaning an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction involving or alleged transaction.

27. Defendant continues to abuse Plaintiff by making repeated or continuous telephone calls to Plaintiff's cellular telephone with the intent to harass Plaintiff.

28. Defendant continues to abuse Plaintiff by sending repeated or continuous text messages to Plaintiff's cellular telephone with the intent to harass Plaintiff.

29. Defendant continues to abuse Plaintiff by making repeated or continuous appearances at Plaintiff's home and place of employment with the intent to harass or abuse the Plaintiff.

30. As a result of the above violation of the TDCA the Plaintiff suffered harassment, abuse, annoyance, mental distress, and an invasion of her privacy. For these reasons and more, the Defendant is liable to Plaintiff for actual damages, costs, and attorney's fees.

## COUNT I
### DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

31. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

32. Defendant's conduct violated the TCPA by placing non-emergency phone calls and sending text messages to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or prerecorded or artificial voice in violation of 47 U.S.C § 227(b)(1)(A)(iii).

33. Defendant did not have consent to call Plaintiff's cellular telephones.

34. Alternative, if the Defendant had consent the Plaintiff revoked it.

**WHEREFORE**, Plaintiff, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

(1) Statutory damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

(2) Injunctive relief; and

(3) Such other or further relief as the Court deems proper.

## COUNT II
### DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT
### Tex. Fin. Code Ann. § 392 *et seq.*

35. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

36. Defendant's conduct violated the TDCA by harassing and abusing the plaintiff, using unfair and unconscionable means to collect a debt, and by using fraudulent deceptive, or misleading representations in trying to collect a debt as defined by Tex. Fin. Code Ann. § 392.302(4), 392.303(2), and 392.304(8), and 392.304(19).

37. Defendant's conduct violated the TDCA by harassing or abusing Plaintiff when Defendant made repeated or continuous telephone calls, continuously sent text messages to Plaintiff's cellular telephone, and repeatedly went to Plaintiff's home and place of employment in an attempt to collect a debt with the intention to harass or abuse the Plaintiff.

**WHEREFORE**, Plaintiff, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

(1) Injunctive relief;

(2) Actual damages;

(3) Reasonable attorney's fees, litigation expenses and costs of the instant suit; and

(4) Such other or further relief as the Court deems proper.

## DEMAND FOR TRIAL BY JURY

38. Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: April 26, 2019                                  Respectfully Submitted,

                                            **SHAWN JAFFER LAW FIRM PLLC**

                                            /s/ *Shawn Jaffer*_____.
                                            Shawn Jaffer
                                            TX Bar No.: 24107817
                                            9300 John Hickman Pkwy, Suite 1204
                                            Frisco, TX 75035
                                            Phone:    (214) 618-0860
                                            Fax:       (214) 594-6100
                                            Email:    shawn@jafflaw.com
                                            **Attorney for Plaintiff Samantha Ruiz**